IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RICKY JEROME DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-3078-MDH |
| | ) | |
| SAFELINK WIRELESS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants TracFone and Clarke-Milton's Motion to Dismiss. (Doc. 13). After full and careful consideration, the Court hereby **DENIES** Defendants' motion.

## BACKGROUND

As described in Defendants' motion, Plaintiff filed this lawsuit against Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, seeking damages for alleged violations of his rights to due process of law under the Fifth and Fourteenth Amendments. Plaintiffs Amended Complaint brings claims against Safelink Wireless, Tracfone Wireless, Suzanne Clarke-Milton, and Carlos Slim. Plaintiff has stated that he is bringing suit against the "Government Authorized Administrators of a Government Funded Eligibility Program (i.e.) The Lifeline Assistance Program which is regulated by the FCC and others." (Doc. 10). Defendant Clarke-Milton is a TracFone employee, and is a SafeLink Specialist in the Consumer Affairs department. SafeLink Wireless is a TracFone brand, and not an independent corporate entity.[1]

---

[1] The record before the Court reflects Carlos Slim has not been served.

Plaintiff contends that the Defendants were acting under the color of "federal law," and were authorized by "the FCC and local State Regulatory Agencies," and as a result have a "duty to administer, according to applicable laws, applications and services and recertifications, to enable poor persons that financially qualify for the Lifeline Assistance Program that provides Cell Phones and Cell Service." Plaintiff argues Defendants are required to provide cell phone services to qualified persons in compliance with the laws that authorize the eligibility program. Plaintiff contends that the administration of "said government benefits" must be in compliance with the regulating laws and entitle Plaintiff to due process protections of the 5th and 14th Amendments of the United States Constitution. (Doc. 10).

Plaintiff further argues that due process protection extends to all government proceedings that "can result in an individual's deprivation, whether civil or criminal in nature, from parole violation hearings to administrative hearings regarding government benefits and entitlements to full-blown criminal trials. In this case, it pertains to a government benefits and entitlements, specifically of the Government's Lifeline Assistance Program entitlement for poor persons." In essence, Plaintiff argues his right to the cell phone assistance program is entitled to protection under § 1983. Plaintiff has been enrolled in the program to receive free cell phone service for a period of two years. He argues 1) his service has been discontinued without proper notice in violation of his due process rights; and 2) that he has been denied an appeal process in violation of his due process rights.

Defendants have moved to dismiss arguing, among other things, that the services described by Plaintiff are not entitled to § 1983 protections. Defendants state that:

> the Lifeline program (Lifeline) is a component of the Federal Universal Service Fund that subsidizes telephone service for certain individuals pursuant to specific federal and state rules and regulations administered by the Universal Service Administrative Company. To qualify for Lifeline, applicants must provide proof that they meet the income qualification thresholds or that they participate in at least one of the following public assistance programs: Medicaid, Supplemental Nutrition Assistance Program Food Stamps, Supplemental Security Income, Federal Public

2

> Housing Assistance (Section 8), or Veterans and Survivors Pension Benefit. Plaintiff obtained his Lifeline benefits through TracFone's SafeLink Wireless brand (SafeLink). Pursuant to regulations promulgated by the Missouri Public Service Commission, Lifeline beneficiaries in the state are required to recertify and submit proof of their eligibility for the Lifeline program every two years. See Mo. Code Regs. tit. 4 § 240-31.120(2)(C).

Defendants further state in order to reactivate Plaintiff's service under the applicable rules and regulations, they need a complete application, including Plaintiff's proof of eligibility. TracFone states it cannot legally certify Plaintiff's eligibility to reenroll without Plaintiff providing the proof required. Plaintiff acknowledges that TracFone sent him an application to reactivate his service. Further, Defendants state that if Plaintiff is in fact still eligible for this program, he can resolve this lawsuit by filling out and submitting the application to have his cell phone service reinstated.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

The elements of a § 1983 claim are "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

Plaintiff alleges Defendants acted under color of state law because they provide and sell mobile telephone services that are subsidized by a regulated government system. Plaintiff is claiming that the Defendants, through this program, are state actors. However, private corporations and individuals may not be sued under 42 U.S.C. § 1983 if they are not state actors. *Alexander v. Pathfinder, Inc.,* 189 F.3d 735, 740 (8th Cir. 1999) (The fact a private corporation receives Medicaid funds does not convert it into a state actor.). Further, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786, 73 L. Ed. 2d 534 (1982) (internal citation omitted). Plaintiff must establish that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* ("The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.").

Defendants argue that the sale of mobile telephone service does not constitute state conduct. Citing, *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358-59, 95 S. Ct. 449, 457, 42 L. Ed. 2d 477 (1974) (Finding that the State of Pennsylvania was not sufficiently connected with defendant's action in terminating Plaintiff's service so as to make the conduct attributable to the State for purposes of the Fourteenth Amendment.). In *Jackson,* Plaintiff brought her lawsuit against a privately owned and operated utility company seeking damages and injunctive relief for termination of her electric service before she was afforded notice, a hearing, and the opportunity

to pay for the service. *Id.* at 347-48. The Court in *Jackson* found that "the action complained of was taken by a utility company which is privately owned and operated, but which in many particulars of its business is subject to extensive state regulation. The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Id.* at 350. The inquiry into whether the actions constitute state conduct "must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* at 351. ("Doctors, optometrists, lawyers, Metropolitan, and Nebbia's upstate New York grocery selling a quart of milk are all in regulated businesses, providing arguably essential goods and services, 'affected with a public interest.' We do not believe that such a status converts their every action, absent more, into that of the State.").

Here, Plaintiff claims Defendants are acting under the color of state law with regard to his mobile phone service. Taking Plaintiff's allegations as true for purposes of a motion to dismiss, the Court cannot rule on whether Defendants are state actors with regard to this cell phone service program. While at this stage of litigation it is unknown whether Plaintiff will be able to succeed on his claims, the Court finds that he has plead enough to survive Defendants' Motion to Dismiss. Whether Plaintiff can actually establish that Defendants are state actors, or whether he has been deprived of a constitutionally protected federal right, are matters of proof that extend beyond a motion to dismiss. These issues will be considered upon filing of dispositive motions or, perhaps at a trial.

The Court also notes, as a practical matter, it appears Plaintiff may be able to reactivate his mobile cell service under this program if he simply completes the application required by the regulations that control the service. Plaintiff acknowledges he has received the application and

does not dispute Defendants' contention that the regulations require that a subscriber's continued eligibility must be recertified at least once every two years.  Plaintiff has no federally protected right to bypass regulations pertaining to eligibility for participation in the service.  Should the evidence support Defendants' claim that participation in the program is dependent on submission, or resubmission, of a properly completed application demonstrating eligibility for the program and that Plaintiff has failed to submit such application, Plaintiff will not prevail in this litigation.

## DECISION

Wherefore, for the reasons set forth herein, the Court **DENIES** defendants TracFone Wireless, Inc. and Clarke-Milton's Motion to Dismiss.

**IT IS SO ORDERED.**

Date:  July 30, 2018

                                                    */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**